IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES BARBER | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: SAG-20-2611 |
| LIONEL BURNETT, *et al*. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I. INTRODUCTION

The Court should dispose of Plaintiff's claims in favor of the Maryland Department of Public Safety and Correctional Services (DPSCS).

Plaintiff alleges that, in retaliation for his earlier assault of a correctional officer, he was secreted away and subjected to assault by the acts of ten correctional officers. ECF 3. He sued each of these ten correctional officer defendants, the then-Warden of the Jessup Correctional Institution (JCI), and the present Defendant, DPSCS. *Id*.

As to DPSCS, Plaintiff purports to state 3 causes of action under state law: one for "excessive force in violation of the Maryland Declaration of Rights, Articles 16 & 25" (Count III), one for "negligent, hiring, training and supervision" (Count IV), and one for general negligence (Count V). ECF 3. Not one of these may survive.

Because DPSCS is a principal department of the State of Maryland, State sovereign immunity protects DPSCS against state constitutional torts and state common law tort claims, including those that rest on theories of tacit approval by custom or pattern and practice. The Court must dismiss all of Plaintiff's claims against DPSCS.

1

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Assessing a Rule 12(b)(6) motion, the court accepts a complaint's well-pled allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *Ibarra v. United States*, 120 F.3d 472 (4th Cir. 1997). However, the plaintiff must make allegations that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). The Court should grant a motion to dismiss when the plaintiff failed to plead facts that plausibly suggest he is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

As *Twombly* expounded, and *Iqbal* confirmed, the sufficiency standard for federal pleadings "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint must pass a plausibility test that requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. Rule 8 "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it." *Twombly,* 550 U.S. at 555 n.3 (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, at 94-95 (3rd ed. 2004)). "[E]ven a pro se plaintiff has the burden of alleging sufficient facts upon which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *Allison v. Utah Cnty. Corp.*, 223 F.R.D. 638, 639 (D. Utah 2004).

### III. ARGUMENT

#### A. DPSCS Cannot Be Liable Because It Is Not a Person Subject to §1983 Claims

State agencies and departments, such as DPSCS, do not constitute a person within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989); *see Clark v. Md. Dep't of Public Safety and Corr. Serv.,* 316 F. App'x 279, 282 (4th Cir. 2009) (DPSCS is not amenable to suit under 42 U.S.C. § 1983). Therefore, the Court should dismiss Plaintiff's claims against DPSCS.

#### B. Governmental Immunity Precludes DPSCS Liability

Even if DPSCS were a person subject to suit, it is immune from the claims in this case.

DPSCS is a state agency protected by state sovereign immunity. DPSCS "is established as a principal department of the State government." Md. Code Ann., Corr. Servs. § 2-101. It is governed thoroughly and extensively by the Maryland General Assembly's comprehensive statutory scheme. *See, e.g.*, Md. Code Corr. Servs. Art., generally. Therefore, DPSCS enjoys the state agency common law sovereign immunity from tort liability. See, *Baltimore Police Dep't v. Cherkes*, 140 Md. App. 282, 313, 780 A.2d 410, 428 (2001) (explaining that common law sovereign immunity for state agencies is total and covers both common law and constitutional torts); *see also, Clark v. Md. Dep't of Public Safety and Corr. Serv.,* 316 F. App'x 279, 282 (4th Cir. 2009) (DPSCS is undoubtedly an arm of the state).

Although the State's sovereign immunity is waived in some instances, its waiver is limited. Specifically, the Maryland Tort Claims Act (MTCA) waives the State's sovereign immunity "as to a tort action in a court in the State" for up to "$200,000 to a single claimant for injuries arising from a single incident or occurrence" involving "State personnel." SG § 12–104(a). The MTCA's definition of State personnel for whom it waives sovereign immunity is limited to those identified in SG § 12-101(a). *See Cherkes*, 140 Md. App. at 313–14, 780 A.2d at 428–29 (immunity preserved for entities excluded from

SG-101(a)).[1] Because SG § 12-101(a) *excludes* DPSCS, the legislature preserved sovereign immunity for DPSCS for acts or omissions committed by its personnel, including its correctional officers. The MTCA does not abrogate DPSCS's sovereign immunity.

This Court has held that State sovereign immunity extends to state constitutional tort and state common law tort actions premised on "practice and pattern" claims. *See*, *L.J. v. Baltimore Curriculum Project*, No. CV SAG-20-2433, 2021 WL 195305, at *3 (D. Md. Jan. 20, 2021) (dismissing plaintiff's pattern and practice claim against state agency);[2] *Rosa v. Bd. of Educ. of Charles Cty., Md.,* No. 8:11-CV-02873-AW, 2012 WL 3715331, at *10 (D. Md. Aug. 27, 2012).

## IV. CONCLUSION

The Court should dismiss Plaintiff's complaint against DPSCS.

Respectfully submitted,

/s/
TERESA M. KELLY
Assistant Attorney General
Federal Bar No. 09034

---

[1] The State of Maryland also has not waived its immunity under the Eleventh Amendment to suit in federal court. "If sovereign immunity has not been waived, federal courts lack subject-matter jurisdiction over the claim[s]." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). *Robinson v. Pennsylvania Higher Educ. Assistance Agency*, No. GJH-15-0079, 2017 WL 1277429, at *2 (D. Md. Apr. 3, 2017); *see also*, *Younger v. State of Maryland, et al.*, 1:16-cv-03269-RDB ECF #72 August 22, 2017, pp. 8-9 (dismissing claims against the State for excessive force; cruel and unusual punishment; negligent hiring, training, and supervision; and respondeat superior). This bar extends to claims against DPSCS as a state agency, see *Clark, supra,* 316 F. App'x at 282, and to state employees in their official capacity because a suit against a state officer in his official capacity is tantamount to a suit against the state itself, *see Brandon v. Holt,* 469 U.S. 464, 471-72 (1985); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101-02. Had Plaintiff included § 1983 claims against DPSCS, those, too, would have to be dismissed.

[2] This and other unreported cases are cited for their reasoning, not as precedent.

4

St. Paul Plaza - 19th Floor
200 St. Paul Place
Baltimore, Maryland 21202
(410) 576-7962 (Telephone)
(410) 576-6880 (Telefax)
E-mail: tkelly@oag.state.md.us

Attorneys for Defendant DPSCS